IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

         Respondent,                       No. 2:04-cr-0280 FCD KJN P

    vs.

MARCO ANTONIO VARGAS,

         Movant.               FINDINGS AND RECOMMENDATIONS

_____/

        Movant has filed an amended motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255.  (Dkt. No. 70.)  Movant contends he suffered ineffective assistance of counsel under the Sixth Amendment because his counsel failed to move the court for a sentence below the guideline range based on movant's status as a deportable alien, and based on his family's medical conditions and financial hardship.  Respondent opposes the motion on the grounds that movant waived his right to bring this motion pursuant to a plea agreement, and that defense counsel was not ineffective.

Factual Background

        On November 14, 2005, movant pled guilty to a violation of 21 U.S.C. §§ 846 and 841(a)(1), conspiracy to possess methamphetamine with intent to distribute, and waived all rights to appeal or collaterally attack his conviction or sentence.  (Dkt. No. 47.)  On March 24, 2006,

1   counsel for movant filed a motion for downward departure of his sentence from the 121 month

2   guideline range to a sentence of 87 months to equalize his sentence to those of his co-defendants,

3   Hernandez and Vasquez.  (Dkt. No. 60.)[1]  Respondent did not object to the downward departure.

4   (Id.)  On May 8, 2006, movant was sentenced to 87 months of imprisonment.  (Dkt. No. 65.)

5   Legal Standards

6          The Sixth Amendment guarantees criminal defendants the right to effective

7   assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  To support a claim

8   of ineffective assistance of counsel, a movant seeking relief under § 2255 must first show that,

9   considering all the circumstances, counsel's performance fell below an objective standard of

10  reasonableness.  See Strickland, 466 U.S. at 688.  After a movant identifies the acts or omissions

11  that are alleged not to have been the result of reasonable professional judgment, the court must

12  determine whether, in light of all the circumstances, the identified acts or omissions were outside

13  the wide range of professional, competent assistance.  See id. at 690.  "There is a strong

14  presumption that counsel's performance falls within the 'wide range of professional assistance.'"

15  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (quoting Strickland, 466 U.S. at 689).

16         Second, the movant must affirmatively prove prejudice as a result of counsel's

17  acts or omissions.  See Strickland, 466 U.S. at 693.  Prejudice is found where "there is a

18  reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

19  would have been different."  466 U.S. at 694.  A reasonable probability is "a probability

20  sufficient to undermine confidence in the outcome."  Id.  Under this prong of the test, the court

21  cannot find that counsel was ineffective unless the court determines that the entire trial or other

22  proceeding was "fundamentally unfair or unreliable" because of counsel's ineffectiveness.

23  Lockhart v. Fretwell, 506 U.S. 364, 368-69 (1993).

24
          [1]  It appears that defense counsel referred to movant as "Antonio Marcos-Vargas."  (Dkt.
25  Nos. 60 & 63.)  However, movant is identified as "Marco Antonio Vargas" in the indictment and
    plea agreement, as well as in his § 2255 motion prepared without counsel.  There are no other
26  defendants bearing the last name "Vargas" in this action.

Analysis

      In the present case, movant was sentenced on May 15, 2006, in keeping with the plea agreement entered into by the parties, and pursuant to counsel's subsequent motion for downward departure.  Movant now claims his counsel rendered ineffective assistance by failing to argue for further downward departure based on movant's status as a deportable alien and what he claims is his "extraordinary" family situation.

      First, movant pled guilty, pursuant to a written plea agreement, and explicitly waived his right to appeal and/or collaterally attack his conviction or sentence.  The Ninth Circuit has found that the terms of a plea agreement are enforceable.  See United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), cert. denied, 520 U.S. 1132 (1997).  Because movant expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, he is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255.  See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

      But even if this court were to reach the merits, the motion fails.  Movant's argument that the court should depart downward because he is a deportable alien is unsupported by the law of this circuit.  By statute, the court may depart downward only if there are "aggravating or mitigating circumstances . . . not adequately taken into consideration by the Sentencing Commission."  18 U.S.C. § 3553(b).  Specifically, the Ninth Circuit has held that the threat of deportation is not a factor that the district court may consider for sentencing purposes. United States v. Alvarez-Cardenas, 902 F.2d 734, 737 (9th Cir. 1990).  Accordingly, defense counsel cannot be ineffective for failing to move for a downward departure based on movant's status as a deportable alien.

      Movant's argument that his family's financial situation or medical conditions support a downward departure is also unavailing.  As noted by respondent, movant's "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be

warranted." U.S.S.G. § 5H1.6 (2004).  Mere dependency is insufficient; rather, downward

departures may be permitted "where the defendant is an irreplaceable caretaker of children,

elderly, and/or seriously ill family members."  United States v. Leon, 341 F.3d 928, 931 (9th Cir.

2003).  Here, movant has provided no evidence to support his position that his family's financial

situation or medical conditions are extraordinary.  The presentence report reflects no family

responsibilities, medically or financially.  (Dkt. No. 80-1 at 53.)  Movant has provided no

declarations or other evidence reflecting movant is the sole caretaker and, given his incarceration

for the past few years, it appears unlikely he could provide such evidence.  Thus, movant has not

demonstrated that there was a basis for a downward departure.  In any event, the court would

have had discretion to refuse to depart downward on such a basis.  See United States v.

Gutierrez-Cervantes, 132 F.3d 460, 462 (9th Cir. 1997), cert. denied, 522 U.S. 1083 (1998).

Finally, even if this court were to find that counsel's failure to argue for a

downward departure on the asserted bases, even after reaching a favorable plea agreement, fell

outside the wide range of professionally competent assistance, the court would be unable to find

that movant has demonstrated prejudice.  As part of his plea agreement, movant was pleading

guilty to and being sentenced under the lesser of the three charges he faced.  Movant has made no

showing that, but for counsel's alleged error, the result of the sentencing proceedings would have

been different.[2]  In the absence of such a showing, this court cannot find that counsel's alleged

error rendered movant's sentencing proceedings fundamentally unfair or unreliable.  For these

reasons, this court finds that movant has not demonstrated ineffective assistance of counsel.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Movant's August 14, 2008 amended motion to vacate, set aside, or correct his

sentence pursuant to 28 U.S.C. § 2255 be denied; and

---

[2] This is particularly true given the court's 34 month reduction in movant's sentence based on the March 24, 2006 motion for downward departure filed by defense counsel.  (Dkt. No. 60.)

1          2.  The clerk of the court be directed to close the companion civil case No. 2:07-

2  cv-0705 FCD KJN P.

3          These findings and recommendations are submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

5  one days after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

8  objections shall be filed and served within fourteen days after service of the objections.  The

9  parties are advised that failure to file objections within the specified time may waive the right to

10  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11  DATED:  August 11, 2010

12

13

14

15                            KENDALL J. NEWMAN
                              UNITED STATES MAGISTRATE JUDGE

16  varg0280.257

17

18

19

20

21

22

23

24

25

26